# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 5, 2009

## STATE OF TENNESSEE v. GERALD EUGENE ROGERS

**Direct Appeal from the Circuit Court for Fayette County**
**No. 6031      J. Weber McCraw, Judge**

_____

**No. W2008-02651-CCA-R3-CD  - Filed February 10, 2010**

_____

Following a jury trial, Defendant was found not guilty of violating the open container law, a Class C misdemeanor, and was found guilty of driving under the influence (seventh offense), a Class E felony.  The trial court found that Defendant violated the implied consent law and revoked his driver's license for one year. The trial court sentenced Defendant as a Range I, standard offender, to two years to be served on probation after serving one hundred and sixty days in confinement.  On appeal, Defendant challenges the sufficiency of the convicting evidence.  Specifically, Defendant argues that the evidence was insufficient to support a finding that he was driving on a public road at the time of the incident or a finding that he was driving under the influence of alcohol.  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which J. C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Matthew R. Armour, Somerville, Tennessee, for the appellant, Gerald Eugene Rogers.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; D. Michael Dunavant, District Attorney General; Terry Dycus, Assistant District Attorney General; and Joni Livingston, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

John Carter testified that he is an investigator with the Narcotics Bureau of the Fayette County Sheriff's Department. On September 15, 2007, Investigator Carter responded to a dispatcher's call concerning two individuals riding an all-terrain vehicle ("ATV") up and down Londonderry Road in the Terra Alta Subdivision. Investigator Carter spotted the ATV on Rolling Brook Drive traveling between twenty-five and thirty miles per hour. Investigator Carter activated his blue lights. The driver turned onto Londonderry Road and traveled approximately one-fourth mile before stopping his ATV. Investigator Carter identified Defendant at trial as the driver of the ATV.

Investigator Carter approached Defendant and asked him why he had thrown a beer can out of his vehicle before stopping. Defendant replied that "he was done with it." Defendant's speech was slurred and he walked with "a staggered gait." Investigator Carter said that he smelled an intoxicating beverage, which he believed to be beer, about Defendant's person. Investigator Carter administered three field sobriety tests which included Defendant repeating the alphabet, touching his fingertips to his nose, and "the fingertip touch." Defendant performed all three tests poorly. Investigator Carter stated that Defendant appeared irritated with the testing. Defendant told Investigator Carter that "he didn't know the purpose for it and that he just needed to go home." Defendant said that he had consumed a twelve-pack of beer and was drunk, but that he could not be arrested for DUI because he was driving a "four-wheeler" and not an automobile.

Investigator Carter stated that based upon his personal observations and the totality of the circumstances, he determined that Defendant was under the influence of an intoxicant. Defendant was placed under arrest, and the passenger of the ATV was allowed to return home. Investigator Carter transported Defendant to the Sheriff's Department. He read Defendant the implied consent form, and Defendant signed the form. Defendant, however, did not consent to a blood alcohol test.

On cross-examination, Investigator Carter stated that he did not see any "No Trespassing" signs at the entrance to the Terra Alta Subdivision although he had noticed that such signs had been put up after the incident. Investigator Carter said that Defendant said that he had completed three years of college. Defendant, however, could not repeat the alphabet. Instead, he jumped from "Q" to "Y" without stating the letters in between. Investigator Carter also said that on the fingertip touch test, Defendant missed his fingertips at certain points and became confused over the order in which he was to touch his fingertips. Investigator Carter acknowledged that Defendant told him that he had a problem with his legs, and Investigator Carter, therefore, did not administer any field sobriety tests which involved walking or turning. Investigator Carter described Defendant as "agitated" after the field sobriety tests, but not angry. Investigator Carter acknowledged that Defendant was cooperative.

Charles Arthur German testified that he lived on Londonderry Road in the Terra Alta Subdivision. Defendant lived two doors down from Mr. German, and Defendant's mother-in-law

lived on the other side of Mr. German. Mr. German stated that Defendant drove his ATV down Londonderry Road too fast and had nearly hit Mr. German's small dogs on several occasions. On September 15, 2007, Mr. German reported Defendant's fast driving to the police. Mr. German stated that he did not know his call would result in Defendant being charged with driving under the influence; he just wanted Defendant to stop driving his ATV at a high rate of speed in the neighborhood.

The State rested its case-in-chief, and Defendant put on his defense. Lisa Ann Rogers, Defendant's wife, testified that on September 15, 2007, Defendant drove his ATV, equipped with a bush-hog, to his mother-in-law's house to mow her lawn. Ms. Rogers said that Defendant had recently broken his ankle. Ms. Rogers said that signs were posted on the subdivision's three roads stating: "Private Community. Members Only. If you trespass, you can be prosecuted." Ms. Rogers said that residents frequently rode their horses on the subdivision's roads. Ms. Rogers stated that only residents drove on the subdivision's roads and the posted speed limit was thirty miles per hour.

On cross-examination, Ms. Rogers acknowledged that service trucks and visitors also frequented the subdivision's roads. Also, the homeowner's association had asked the Sheriff's Department to patrol the subdivision because there had been problems with young people attempting to access the lake. Ms. Rogers stated that she did not see Defendant consume any beer on September 15, 2007, but she said that she was gone for two hours that day and was not home when Investigator Carter initiated the stop of Defendant's ATV.

## II. Sufficiency of the Evidence

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced on appeal with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.*; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Defendant was convicted under Tennessee Code Annotated section 55-10-401 (a)(1) which makes it unlawful for a "person to drive or to be in physical control of any automobile or other

motor driven vehicle on any of the public roads and highways of the state ... while: (1) under the influence of any intoxicant. . . ." T.C.A. § 55-10-401(a)(1).

Defendant argues that the evidence failed to establish that he was driving on a public road when Investigator Carter initiated the stop. Defendant submits that the area in which he was driving was private property managed by a homeowner's association. Ms. Rogers testified that there were signs on the subdivision's three roads which stated that trespassers would be prosecuted.

A similar argument, however, was rejected in *State v. Hiner*, 988 S.W.2d 697, 700 (Tenn. Crim. App. 1998). In *Hiner*, 988 S.W.2d 697, this Court concluded that the evidence was sufficient to support the defendant's DUI conviction when he was driving on the roads of a gated community while intoxicated, even though the community's roads were privately maintained by the trustees for the gated community. *See also State v. Carlton Lee McAlister*, W2002-00454-CCA-R3CD, 2003 WL 1860534 (Tenn. Crim. App., at Jackson, Apr. 3, 2003) *perm. to appeal denied* (Tenn. Oct. 27, 2003) (finding the evidence sufficient to establish that the defendant was driving on a public road when the testimony established that, although gated, no one was actually denied access to the subdivision, and the public entered the area on a daily basis).

Ms. Rogers testified that signs were posted at the three entrances to the subdivision informing the public that the subdivision's roads were for members only. Ms. Rogers acknowledged however, that the postal service delivered mail to the residents, service trucks frequented the roadways, and visitors and non-resident family members were able to enter the subdivision undisturbed. Investigator Carter testified that he frequently entered the subdivision for patrol purposes and in response to residents' calls. In addition, of course, other residents of the community traveled the roads. Whether Defendant was traveling upon a public or private road is a question for the jury. Based on these facts, and viewing the evidence in a light most favorable to the State, we conclude that there is sufficient evidence for a rational trier of fact to conclude that Defendant was driving on a public road shortly before his arrest for DUI.

Defendant also argues that the evidence was insufficient to support the jury's finding that he was driving while under the influence of an intoxicant. Defendant submits that no one observed him driving erratically, that he had recently broken his ankle and had difficulty walking, and that Investigator Carter had never heard Defendant speak before. Defendant also points out that although Investigator Carter testified that Defendant performed poorly on the field sobriety tests, he did not file a written report of the results.

Nonetheless, viewing the evidence in a light most favorable to the State, Investigator Carter testified that Defendant's speech was slurred, that he detected an odor of beer emanating from Defendant's person, and that Defendant could not successfully complete the field sobriety tests. Moreover, Defendant admitted to Investigator Carter that he had consumed a twelve-pack of beer that day and was intoxicated. This Court has often found that an arresting officer's testimony alone is sufficient to support a defendant's conviction for DUI. *See, e.g. State v. Vasser*, 870 S.W.2d 543,

544 (Tenn. Crim. App. 1993); *State v. Anthony Scott Ledford*, No. E2007-00780-CCA-R3-CD, 2008 WL 4682228, at \*4 (Tenn. Crim. App., at Knoxville, October 23, 2008), *no perm. to appeal filed*.

Based on our review, we conclude that a rational trier of fact could find beyond a reasonable doubt that Defendant was guilty of the offense of driving under the influence. Defendant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE